IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-07-0184-02 |
| | § | |
| JOHN BLACKMON | § | |

## MEMORANDUM AND ORDER

This criminal case is again before the Court on a Motion for Retroactive Application of the Fair Sentencing Act Pursuant to Title 18 U.S.C. § 3582(c)(2) ("Motion") [Doc. # 75] by Defendant John Blackmon.  The United States filed a Response [Doc. # 80], noting correctly that Defendant's claim that his sentence is unconstitutional is not an issue cognizable under § 3582(c)(2).  The Court has carefully reviewed all pertinent matters in this criminal case.  Based on this review and the application of governing legal authorities, Blackmon's Motion is **denied**.

## I.     BACKGROUND

Blackmon and a co-defendant were charged in a multi-count indictment with aiding and abetting the possession with intent to distribute, and conspiracy to possess with intent to distribute, cocaine base or "crack" cocaine, as well as aiding and abetting the possession of a firearm in furtherance of a drug trafficking offense.  On

September 6, 2007, Blackmon entered a plea of guilty to the possession count (count 1), the conspiracy count (count 2), and the firearms count (count 4).

Blackmon was held accountable for possessing with intent to distribute 22.2 grams of crack cocaine and at least one firearm. The Court calculated Blackmon's guideline range at 46 to 57 months. On May 20, 2008, the Court sentenced Blackmon to serve concurrent 60-month terms of imprisonment on counts 1 and 2 pursuant to the statutory minimum found in 21 U.S.C. § 841(b)(1)(B)(iii), followed by a mandatory consecutive 60-month term of imprisonment on count 4 as required by 18 U.S.C. § 924(c)(1)(A) and 2, for a total term of imprisonment of 120 months. Blackmon did not appeal his sentence.

On July 11, 2011, Blackmon filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), requesting a reduction in his sentence based on the Fair Sentencing Act of 2010 ("FSA"). The FSA went into effect on August 3, 2010, and raised the threshold amounts of crack that trigger the statutory minimums for convictions under 21 U.S.C. § 841(a). *See* 21 U.S.C. § 841(b). The Sentencing Commission thereafter proposed temporary Amendment 748, which became permanent Amendment 750 effective November 1, 2011, to lower the guideline offense levels applicable to crack offenses.

By Memorandum and Order [Doc. # 69] entered December 19, 2011, the Court first noted that the FSA does not apply retroactively to defendants who were sentenced prior to the FSA's effective date, citing *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).[1] The Court nonetheless considered and denied Defendant's § 3582(c)(2) motion because his sentence was not based on the crack cocaine guidelines affected by Amendment 750.

On May 29, 2013, Blackmon filed the pending Motion. Pursuant to § 3582(c)(2), Blackmon seeks retroactive application of the FSA because "the practice of maintaining a racially discriminatory sentencing regime" violates the due process clause of the Fifth Amendment and the "cruel and unusual punishment" prohibition of the Eighth Amendment. Blackmon's Motion is ripe for decision.

## II.  DISCUSSION

To the extent Blackmon seeks retroactive application of the FSA, it is well established that the statute does not apply to defendants who were sentenced before the effective date. *See Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012); *United*

---

[1] The United States Supreme Court later held that, although the FSA applies to defendants who had been convicted but not yet sentenced by the effective date, the statute does not apply retroactively to defendants who had already been sentenced before the effective date. *See Dorsey v. United States*, ___ U.S. ___, 132 S. Ct. 2321, 2326 (2012).

*States v. Moore*, 514 F. App'x 462, 463 (5th Cir. Feb. 22, 2013) ("The FSA does not apply retroactively to defendants . . . who were sentenced before its enactment.").

To the extent Blackmon seeks to assert a constitutional challenge to his sentence, the arguments are not cognizable under § 3582(c)(2) and must be asserted, instead, through a timely 28 U.S.C. § 2255 motion to vacate sentence. *See United States v. Taylor*, 482 F. App'x 503, 506 (11th Cir. July 25, 2012). Moreover, on the merits of Blackmon's constitutional claims, the decision not to apply the FSA retroactively, in accordance with binding Supreme Court and Fifth Circuit authority, does not violate the Fifth or Eighth Amendments to the United States Constitution. *See Moore*, 514 F. App'x at 463; *United States v. Lowe*, 498 F. App'x 782, 785-86 (10th Cir. Oct. 4, 2012) (Fifth and Eighth); *United States v. Keyes*, 447 F. App'x 294, 296 (3rd Cir. Aug. 30, 2011) (Fifth); *United States v. Coleman*, 416 F. App'x 41, 43 (11th Cir. Feb. 8, 2011), *cert. denied*, 131 S. Ct. 2133, 2981 (2011).[2]

To the extent Blackmon seeks, as noted in his Motion, relief pursuant to § 3582(c)(2), the Court addressed the merits of that request in its prior Memorandum

---

[2] Blackmon relies exclusively on the decision by a panel of the Sixth Circuit in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). The Sixth Circuit granted rehearing *en banc* in the *Blewett* case, and the panel's decision was thereby vacated. *See* Order, *United States v. Blewett*, Nos. 12-5226/12-5582 (6th Cir. July 11, 2013); *see also United States v. Bell*, __ F. 3d __, 2013 WL 4792344, *2 (6th Cir. 2013) (noting that *Blewett* decision had been vacated pursuant to court rule when rehearing *en banc* was granted).

and Order.  A "reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10 cmt. n. 1(A).  Because Blackmon's sentence was determined by mandatory minimum statutes, and not based on a subsequently reduced guidelines range, he is not entitled to a reduction in sentence under § 3582(c)(2).  *See United States v. Carter*, 595 F.3d 575, 578-79 (5th Cir. 2010); *see also United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011) (holding that a defendant subject to a statutory mandatory minimum sentence is not eligible for a reduction under § 3582(c)(2)); *United States v. Blount*, 397 F. App'x 947, 948 (5th Cir. 2010) (same).

### III.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Blackmon's Motion for Retroactive Application of the Fair Sentencing Act Pursuant to Title 18 U.S.C. § 3582(c)(2) [Doc. # 75] is **DENIED**.

SIGNED at Houston, Texas this 25th day of **September, 2013**.

_____
Nancy F. Atlas
United States District Judge